ELIZABETH PIPKIN (243611)
TYLER ATKINSON (257997)
ABIMAEL BASTIDA (303355)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:  (408) 279-8700
Facsimile:  (408) 279-3244
Email:      epipkin@mcmanislaw.com
            tatkinson@mcmanislaw.com
            abastida@mcmanislaw.com

*Attorneys for Defendant,*
DOE 1 (also erroneously sued herein as DOE 2)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE DOE, an individual proceeding under a pseudonym, and KATIE DOE, an individual proceeding under a pseudonym, <br><br> Plaintiffs, <br><br> vs. <br><br> DOE 1, CORPORATION P, a Utah corporation sole; DOE 2, CORPORATION B, a Utah corporation sole, and DOES 3 through 100, inclusive, <br><br> Defendants. | Case No.: 5:23-cv-02657-SVK <br><br> **ANSWER OF DOE 1 AND DOE 2 TO COMPLAINT FOR DAMAGES** <br><br> JURY TRIAL DEMANDED |

Defendant, DOE 1, CORPORATION P, a Utah corporation sole ("Defendant"), hereby answers the Complaint for Damages ("Complaint"), of Plaintiffs GRACE DOE and KATIE DOE, (collectively, "Plaintiffs")[1].  Defendant denies all allegations contained in the Complaint unless specifically admitted below.  Defendant admits, denies, or otherwise answers the specific numbered allegations in the Complaint as follows:

---

[1] DOE 1 also answers for DOE 2, an entity that was erroneously sued as it was merged into DOE 1.

1

ANSWER TO COMPLAINT FOR DAMAGES; Case No.:  5:23-cv-02657-SVK

1. In answer to Paragraph 1 of the Complaint, Defendant admits that Plaintiff, Grace Doe ("Grace Doe"), is an adult female and that she is proceeding in this action under a pseudonym. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 1.

2. In answer to Paragraph 2 of the Complaint, Defendant admits that Plaintiff, Katie Doe ("Katie Doe"), is an adult female and that she is proceeding in this action under a pseudonym. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 2.

3. In answer to Paragraph 3 of the Complaint, Defendant denies the allegations in Paragraph 3. Defendant admits that in 2019 and 2020, Doe 2 was renamed and merged into what is now Doe 1.

4. In answer to Paragraph 4 of the Complaint, Defendant denies the allegations in Paragraph 4. Defendant admits that in 2019 and 2020, Doe 2 was renamed and merged into what is now Doe 1.

5. In answer to Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations in Paragraph 5.

6. In answer to Paragraph 6 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the status of each alleged defendant as "agent, servant and/or employee" of one another. Defendant denies that it "engaged in, joined in and/or conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this Complaint," or that it ratified such acts.

7. In answer to Paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the

California Constitution.

8. In answer to Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

9. In answer to Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

10. In answer to Paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

11. In answer to Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

12. In answer to Paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

13. In answer to Paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and

belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

14. In answer to Paragraph 14 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

15. In answer to Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

16. In answer to Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

17. In answer to Paragraph 17 of the Complaint, Defendant admits that, within the last few years individuals have alleged they were sexually abused while participating in the Boy Scouts of America and/or by a member or official of the Church of Jesus Christ of Latter-day Saints outside of the scouting context.  Defendant denies the remaining allegations in paragraph 17.

18. In answer to Paragraph 18 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

19. In answer to Paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to

churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

20. In answer to Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein as they raise questions of Church doctrine, polity, practice, and belief, the resolution of which would require this Court to interfere with the autonomy granted to churches by the First Amendment to the United States Constitution and Article 1 Section 4 of the California Constitution.

21. In answer to Paragraph 21 of the Complaint, Defendant admits the allegation.

22. In answer to Paragraph 22 of the Complaint, Defendant admits that Patrick Horgan ("Horgan") is Plaintiff, Katie Doe's, father. Defendant admits that both Horgan and Katie Doe were baptized into The Church of Jesus Christ of Latter-day Saints and resided for a time in the Sunnyvale Ward in Sunnyvale, California. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

23. In answer to Paragraph 23 of the Complaint, Defendant admits that Katie Doe and Horgan resided for a time in the Sunnyvale Ward. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

25. In answer to Paragraph 25 of the Complaint, Defendant admits that in 1996 Horgan was arrested and convicted of lewd and lascivious acts with a child under the age of 14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant admits the allegation contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant admits that Grace Doe and members of her family resided for a time in the Sunnyvale Ward in Sunnyvale, California. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

28. In answer to Paragraph 28 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

29. In answer to Paragraph 29 of the Complaint, Defendant admits that when Grace Doe was approximately 12 years old, she resided in the St. Johns Ward in Arizona. Defendant denies the remaining allegations contained therein.

30. In answer to Paragraph 30 of the Complaint, Defendant denies that it was aware of "'red flag' behaviors" prior to the last incident of alleged abuse. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

31. In answer to Paragraph 31 of the Complaint, Defendant denies that it was aware of "'red flag' behaviors" prior to the last incident of alleged abuse.

32. In answer to Paragraph 32 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 32.

33. In answer to Paragraph 33 of the Complaint, Defendant admits that in 1996 Horgan was arrested and convicted of lewd and lascivious acts with a child under the age of 14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

34. In answer to Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. In answer to Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. In answer to Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

37. In answer to Paragraph 37 of the Complaint, Defendant incorporates its responses to the allegations in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

///

38. In answer to Paragraph 38 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 38.

39. In answer to Paragraph 39 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 39.

40. In answer to Paragraph 40 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 40.

41. In answer to Paragraph 41 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 41.

42. In answer to Paragraph 42 of the Complaint, Defendant incorporates its responses to the allegations in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. In answer to Paragraph 43 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 43.

44. In answer to Paragraph 44 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 44.

45. In answer to Paragraph 45 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 45.

46. In answer to Paragraph 46 of the Complaint, Defendant incorporates its responses to the allegations in Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

///

47. In answer to Paragraph 47 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 47.

48. In answer to Paragraph 48 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 48.

49. In answer to Paragraph 49 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 49.

50. In answer to Paragraph 50 of the Complaint, Defendant incorporates its responses to the allegations in Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. In answer to Paragraph 51 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 51.

52. In answer to Paragraph 52 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 52.

53. In answer to Paragraph 53 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 53.

54. In answer to Paragraph 54 of the Complaint, Defendant incorporates its responses to the allegations in Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. In answer to Paragraph 55 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 55.

///

56. In answer to Paragraph 56 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 56.

57. In answer to Paragraph 57 of the Complaint, Defendant incorporates its responses to the allegations in Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. In answer to Paragraph 58 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 58.

59. In answer to Paragraph 59 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 59.

60. In answer to Paragraph 60 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 60.

61. In answer to Paragraph 61 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 61.

62. In answer to Paragraph 62 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 62.

63. In answer to Paragraph 63 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 63.

64. In answer to Paragraph 64 of the Complaint, Defendant states that the allegations contained therein are legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 64.

///

65. In answer to Paragraph 65 of the Complaint Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 65.

### AFFIRMATIVE DEFENSES

66. Defendant alleges the following affirmative defenses with respect to the claims alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

67. Pursuant to California Civil Procedure Code section 340.1, Plaintiffs' causes of action against defendants are barred by the applicable limitation period governing the damages identified in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

68. Plaintiffs' causes of action are barred by reason of the doctrine of laches and undue delay in giving notice to defendant of the matters alleged in the complaint and in commencing litigation.

### THIRD AFFIRMATIVE DEFENSE
### (No Special Relationship/Duty)

69. Plaintiffs' claims for damages against Defendant arising out of Defendant's alleged tortious conduct are barred because no special relationship exists between Defendant and Plaintiffs, barring any affirmative legal duty owing from Defendants to Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE
### (No Notice)

70. Plaintiffs' claims for damages against Defendant arising out of Defendant's alleged tortious conduct are barred because Defendant lacked the requisite knowledge of the alleged perpetrator's sexual propensities.

///

**FIFTH AFFIRMATIVE DEFENSE**

**(No Mandated Reporting Requirement)**

71. During all relevant times pleaded in the Complaint, clergy were not mandated reporters.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

72. The Complaint and each purported cause of action contained therein fails to state facts sufficient to state a cause of action against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

73. By conduct, representations, and omissions, Plaintiffs are equitably estopped to assert, any claim for relief against Defendant respecting matters which are the subject of the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

74. As a result of the acts and omissions in the matters relevant to this Complaint, Plaintiff has unclean hands and is therefore barred any claims against Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

75. By conduct, representations and omissions, Plaintiff has waived, relinquished and/or abandoned, any claim for relief against Defendant respecting the matters that are the subject of the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

76. Defendant denies that it was negligent in any fashion with respect to damages, losses, and injuries claimed by Plaintiffs in the Complaint. However, if the Defendant is found to have been negligent, then Defendants allege that the negligence of others was a substantial

///

factor in causing their alleged harm and any damages should be reduced by the percentage of others' responsibility for the alleged harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

77. Without conceding that any act of Defendant caused damage to the Plaintiffs in any respect, Defendant alleges this this answering Defendant is entitled to offset and recoup against any judgment that may be entered against it all obligations of the Plaintiff owing to Defendant.

**TWELVTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

78. Defendant alleges that if Plaintiffs sustained damaged, which Defendant expressly denies, then Plaintiffs have failed to take reasonable and adequate steps to mitigate or minimize those damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Causation/Contribution by Third-Party Acts)**

79. As and for a further affirmative defense to the Complaint, Defendant alleges that the Complaint, and each claim alleged therein, are barred because the acts or omissions alleged in the Complaint were actually and/or proximately caused by the acts or omissions committed by third parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

80. Plaintiffs' claims for damages against Defendant are barred, in whole or in part, because they are speculative.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Party)**

81. Plaintiffs' claims for damages against Defendant are barred pursuant to their failure to join one or more indispensable parties.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Privilege)**

82. Plaintiffs' claims for damages against Defendant are barred to the extent they rely upon confidential information and/or communications protected by an evidentiary privilege, such as the attorney-client privilege, the work product doctrine, or the priest-penitent privilege, and any other privilege at common law or found in statute.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Reasonable Actions to Prevent Childhood Sexual Abuse)**

83. Plaintiffs' claims for damages against Defendant arising out of Defendant's alleged tortious conduct are barred because Defendant acted reasonably to avoid or prevent acts of childhood sexual assault.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(No Vicarious Liability for Sexual Misconduct)**

84. Plaintiffs' claims for damages against Defendant based on a respondeat superior theory of liability are barred because sexual misconduct falls outside the course and scope of employment and cannot be imputed to Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

**(First Amendment Privileges)**

85. Plaintiffs' claims for damages against Defendant arising out of Defendant's alleged tortious conduct may be barred by the First Amendment to the Constitution of the United States.

### TWENTIETH AFFIRMATIVE DEFENSE

**(California Constitution, Article 1, Section 4)**

86. Plaintiffs' claims for damages against Defendant arising out of Defendant's alleged tortious conduct may be barred by Article 1, Section 4, of the California Constitution.

///

///

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Superseding/Intervening Cause)

87. The injuries and damages of which the Plaintiffs complain were proximately caused or contributed to by the acts of other persons and/or entities. Those acts were an intervening and superseding cause of the alleged injuries and damages, if any, of which the Plaintiffs complain, thus barring Plaintiffs from any recovery against Defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

88. Defendant alleges that the Complaint is barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Plaintiffs unreasonably failed to reduce their damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

89. Defendant alleges that the injuries and damages Plaintiffs allege in the Complaint, were solely caused by the voluntary and knowing, or implied, assumption of the risk or risks attendant to the matters complained of or alleged in the Complaint, and such knowing and voluntary, or implied, assumption of the risk absolutely bars or reduces Plaintiffs' right to recovery, if any, in proportion to such knowing and voluntary, or implied, assumption of the risk.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

90. Defendant has or may have additional defenses that cannot be articulated due to Plaintiffs' failure to particularize their claims and due to Plaintiffs' failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiffs allege that Defendant may have some responsibility. Therefore, Defendant reserves the right to assert additional defenses upon further particularization or clarification of Plaintiffs' claims, upon examination of the documents provided, upon discovery of information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**JURY DEMAND**

91.     Defendant respectfully demands a jury trial on all issues so triable.


DATED: June 6, 2023                                        McMANIS FAULKNER

*/s/ Elizabeth Pipkin*
ELIZABETH PIPKIN
TYLER ATKINSON
ABIMAEL BASTIDA

Attorneys for Defendant,
DOE 1 (also erroneously sued herein as DOE 2)

ANSWER TO COMPLAINT FOR DAMAGES; Case No.:  5:23-cv-02657-SVK